## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**UNITED STATES OF AMERICA,**

         **Plaintiff,**      :

   **v.**                        **Case No. 2:25-cv-590**
                                   **Chief Judge Sarah D. Morrison**
                                   **Magistrate Judge Chelsey M.**
**DURAN LOPEZ**                      **Vascura**
**CONSTRUCTION, LLC,**     :

         **Defendant.**

### <u>ORDER</u>

On May 28, 2025, the United States of America filed suit against Duran Lopez Construction, LLC to collect debts resulting from violations of the Occupational Safety and Health Act of 1970. (Compl., ECF No. 1.) Process was served on August 28, 2025. (ECF No. 5.) Duran Lopez Construction failed to respond to the Complaint in any way before the deadline. Accordingly, the United States applied to the Clerk for an entry of default, pursuant to Rule 55(a). (ECF No. 6.) Default was entered on November 7, 2025. (ECF No. 7.) The United States then filed a Motion for Default Judgment. (ECF No. 8.) The time for responding has passed, and no response was filed. For the reasons below, the Motion is **GRANTED**.

## I.     BACKGROUND

"Once default is entered, the defaulting party is deemed to have admitted all of the well-pleaded allegations in the complaint regarding liability[.]" *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 670 (N.D. Ohio 2016); *see also* Fed. R.

Civ. P. 8(b)(6). The following factual allegations from the Complaint are deemed admitted due to Duran Lopez Construction's default.

On July 27, 2021, the Department of Labor issued a Citation and Notification of Penalty following a February 2021 investigation into Duran Lopez Construction's operations. (Compl., ¶ 5; ECF No. 1, PAGEID # 6.) The penalties assessed in that Citation totaled $ 16,091.00. (Compl., ¶ 5; ECF No. 1, PAGEID # 14.) Six months passed, and Duran Lopez Construction failed to pay. (Compl., ¶ 6.) The Department of the Treasury sent a demand letter seeking $ 19,574.97, to account for the penalties plus interest and administrative costs accrued in accordance with 31 U.S.C. § 3717. (Compl, ¶¶ 6–7; ECF No. 1, PAGEID # 17, 19–20.) Duran Lopez Construction made a partial payment, reducing the principal debt to $ 14,497.29. (Compl., ¶ 7; PAGEID # 19.) As of May 13, 2025, the total debt due and owing totaled $ 23,318.82. (Compl., ¶ 7; PAGEID # 19–20.) Through this action, the United States seeks to collect on that debt.

## II. DISCUSSION

Once default has been entered, the Court may rule on default judgment against a defendant with or without a hearing. Fed. R. Civ. P. 55(b). Although the well-pled factual allegations of a complaint are accepted as true for the purpose of determining liability, the Court must still determine whether those facts state a claim upon which relief may be granted. *Zinganything*, 158 F. Supp. 3d at 672 (citing *J&J Sports Prods., Inc. v. Rodriguez*, No. 1:08-cv-1350, 2008 WL 5083149, at *1 (N.D. Ohio Nov. 25, 2008)). Nonetheless, "those allegations relating to the amount of damages suffered are ordinarily not [accepted as true], and a judgment

by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Bringer v. JAO Distribs., Inc.*, No. 1:14-cv-252, 2014 WL 3689147, at *1 (S.D. Ohio July 23, 2014) (Black, J.) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Based on the well-pled allegations in the Complaint, its exhibits, and the exhibits Plaintiffs submitted in support of their Motion for Default Judgment, the Court concludes that there is sufficient basis for determining Duran Lopez Construction's liability and damages without the need for a hearing.

## III. CONCLUSION

Default judgment is **ENTERED** against Duran Lopez Construction on the United States' claim for enforcement of a civil penalty. Duran Lopez Construction is **ORDERED** to pay the following to the United States:

- Principal:                              $ 14,497.29
- Statutory Interest (at 1.00%):          $ 376.93
- Statutory Penalty (at 6.00%):           $ 2,261.58
- Statutory Administrative Fees:          $ 6,183.02

for a total of **$ 23,318.82**. Interest shall accrue at the rate found in 28 U.S.C. § 1961 from the date of this Judgment.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**